Herrin *v.* Butters.

---

TIMOTHY HERRIN *versus* CHARLES BUTTERS, JR.

Where by the terms of a contract the time of its performance was to be extended beyond a year, it is within the statute of frauds, though a part of it was by the agreement to be performed within a year.

To bring a case within the statute of frauds, it must have been expressly stipulated by the parties, or it must, upon a reasonable construction of their contract, appear to have been understood by them, that the contract was not to be performed within a year.

A G B contracted in writing with S to clear eleven acres of land in three years from the date of the contract, one acre to be seeded down the (then) present spring, one acre the next spring, and one acre the spring following, as a compensation for which, he, A G B, was to have all the proceeds of said land three years, except the two acres first seeded down. A G B assigned verbally his interest to the extent of half of the contract, to H, who verbally assigned said half to C B; said H and C B respectively agreeing verbally to perform one half of the contract. A G B and C B commence the performance of the contract, but do not complete it. S sues A G B, and recovers damages for non-performance, which are paid by A G B. H being called on by A G B for half of the damages so recovered and paid, pays the same to him; and then commences a suit for the same against C B — *it was held*, that the contract between them (H and C B) was void by the statute of frauds, and that he was not entitled to recover.

EXCEPTIONS to the ruling of PERHAM J. The facts in the case fully appear in the opinion of the Court.

*A. Sanborn,* for the defendant. The contract in this case was not to be performed within a year from the making there-

of, and is therefore within the statute of frauds. St. 1821, c. 53, § 1. It is not taken out of the statute by the fact that part was to be or was performed within a year. Comyn on Contracts, 23, 232; *Boydell* v. *Drummond*, 11 East, 142; Bul. N. P. 202; 3 Bl. Com. 160; 2 Stark. Ev. 682; *Boyd* v. *Stone*, 11 Mass. R. 342; *Kidder* v. *Hunt*, 1 Pick. 329; *Jackson* v. *Pierce*, 2 Johns. 221.

*J. Appleton*, for the plaintiff, contended that the contract might have been performed within a year; and that to bring a case within the statute, it must be specially stipulated that the contract is not to be performed within a year. *Kent* v. *Kent*, 18 Pick. 569; *Peters* v. *Westborough*, 19 Pick. 365; *Fenton* v. *Embler*, 3 Burr. 1278. The agreement to pay for the work which had been done, was not within the statute. The contract to perform the plaintiff's work, was in-reality a contract of indemnity. The defendant was either to perform, or indemnify the plaintiff against the consequences of non-performance. But such a contract is not within the statute, as the liability arising therefrom may arise at an early day. In this very case, it arose upon the defendant's refusal to perform, which was within the year. The plaintiff then had a right of action against him upon the contract to save harmless. *Blake* v. *Cole*, 22 Pick. 101; *Weld* v. *Nichols*, 17 Pick. 539; *Chapin* v. *Lapham*, 20 Pick. 467.

The opinion of the Court was by

W HITMAN C. J. — In this case it appears, that one Isaac Shaw entered into an agreement, in writing, with one Asa G. Butters, bearing date the 21st of March, 1833, in the following terms: — " Said Butters doth agree to clear a piece of ground, containing eleven acres, on lot No. 8, in the 10th range of lots in Exeter, to be done in three years from date, in a clean and workmanlike manner, and [one acre] well seeded down this present spring, and one acre the spring following, and nine acres in the spring of 1835. And the said Shaw, on his part, doth agree to let the said Butters have all the proceeds of said land three years, in consideration of a faith-

ful performance of the above agreement, excepting the two first acres seeded down, which the said Shaw is to have the grass after seeded down."

It further appears that a subsequent agreement was entered into between the said Asa and the plaintiff, whereby the latter became bound to do and perform one half of what the said Asa had stipulated, as aforesaid, to perform ; and the benefits of the consideration therefor were to be enjoyed equally between them. And, afterwards, on the tenth of May, 1833, the defendant verbally agreed with the plaintiff, that he would pay the plaintiff for what labor he had performed in pursuance of his said contract, and assume the plaintiff's liabilities therein, in consideration of the benefits from thence to be derived. And it appears, that the plaintiff had done about two days work under said contract, worth $1,75, and that the defendant went on in company with said Asa, and they performed, each, about thirteen days work on the land; and then abandoned the undertaking. And that said Shaw had recovered of said Asa the sum of $85,45, for the non-fulfilment of his said contract, the one half of which the plaintiff had refunded to the said Asa for the breach of his contract with him. And this action is now brought to recover of the defendant the amount, so paid by the plaintiff, for the breach of the contract, made as aforesaid, between him and the defendant.

The defendant places his defence upon the ground, that the contract was verbal, and, as he contends, not to be performed within a year from the time it was made.

The case comes before us upon exceptions taken by the defendant to the ruling of the Judge of the Court of Common Pleas ; the verdict having been returned for the plaintiff. The ruling excepted to was in the charge of the Judge to the jury. The Judge charged the jury, that, if any part of the contract was to be performed within a year, it was not within the statute of frauds. This instruction was unquestionably erroneous ; and the exception must be sustained, and a new trial be granted.

The counsel for the parties, however, have argued the cause, quite at length, without adverting to the particular point to which exception was taken. Their arguments have proceeded altogether upon the hypothesis, that the contract between the plaintiff and defendant, had been adjudged to be an agreement to be performed within a year. This seems to be the real point in controversy, in reference to the merits of the case and the decision of it will be in effect decisive of the cause.

It has not been customary for the Court to go aside from the question presented in a bill of exception. But as a new trial must be granted in this case, and the question argued may, and probably will be presented to us again, in proper form for decision, if not now decided; and as the counsel have now fully argued it, we think it may be well to express our views in reference to it.

It is urged, that the defendant might have cleared up the land, and have seeded it down in one year, and thereby have performed his contract. This may have been within the range of possibility; but whether so or not must depend upon a number of facts, of which the Court are uninformed. This however is not a legitimate inquiry under this contract. We are not to inquire what, by possibility, the defendant might have done, by way of fulfilling his contract. We must look to the contract itself, and see what he was bound to do; and what, according to the terms of the contract, it was the understanding that he should do. Was it the understanding and intention of the parties, that the contract might be performed within one year? If not, the case is clearly with the defendant. But the contract is an entirety, and all parts of it must be taken into view together, in order to a perfect understanding of its extent and meaning. We must not only look at what the defendant had undertaken to do, but also to the consideration inducing him to enter into the agreement. The one is as necessary a part of the contract as the other; and if either, in a contract wholly executory, were not to be performed in one year, it would be within the statute of frauds. Here the defendant was not to avail himself of the consideration

for his engagement, except by a receipt of the annual profits of the land, as they might accrue, for the term of three years. But whether this be so or not, it is impossible to doubt that the parties to this contract perfectly well understood and contemplated, that it was to extend into the third year for its performance, both on the part of the plaintiff and defendant. Its terms most clearly indicate as much; and by them it must be interpreted.

In the case, *Moore* v. *Fox,* 10 Johns. 244, the Court say, to bring the case within the statute, it must appear to be an *express* and *specific* agreement that the contract is not to be performed within one year, and cite the case of *Fenton* v. *Embler,* 3 Bur. 1278, where the same language is used by the Court. But in the case of *Boydell* v. *Drummond,* 11 East, 142, in which there was no express or specific agreement, that the contract should not be performed within a year, the Court say, that the whole scope of the undertaking shows, that it was not to be performed within a year, and was therefore within the statute. This seems to show, very clearly, what is to be understood by an *express* or *specific* agreement, that a contract is not to be performed *within* a year. In the case, *Peters* v. *Westborough,* 19 Pick. 364, Mr. Justice Wilde, in delivering the opinion of the Court, says, it must have been expressly stipulated by the parties, *or it must appear to have been so understood by them,* that the agreement was not to be performed within a year. But who can doubt what the express and specific understanding of the parties in the case at bar was? and that it was not to be performed within one year? Or, at any rate, that it appears to have been so understood by them?