AMANDA LAWRENCE *versus* DAVID P. CHASE.

An oral agreement to execute and deliver a writing obligatory to convey real estate, upon the terms and conditions therein mentioned, is within the fourth clause of the statute of frauds.

If the defendant would take advantage of that statute, in an action for the breach of such an agreement, he must do so by some proper plea.

The plaintiff conveyed her farm to one W., receiving back a writing obligatory to reconvey upon the conditions therein specified, which obligation she assigned to the defendant in consideration of his oral agreement to redeem and take a deed of the farm from W., and then execute and deliver her a similar writing to reconvey to her whenever, within three years, she should pay him whatever should be reasonably due for services and expenditures. The defendant redeemed and took a deed of the farm from W., but refused to execute and deliver said obligation, and conveyed away the farm to D. In assumpsit, for breach of the agreement, — *Held*, that, under the general issue, the damages were the actual value of the farm, after deducting the amount actually paid by the defendant to redeem, and such other sums paid out and for services rendered by him at her request, as she had agreed to allow.

The bill of exceptions must show upon what ground a request for an instruction to the jury, that the action on trial cannot be maintained, was based, in order to render the refusal exceptionable.

A defect as to the time and place, at and to which a writ is made returnable, may be amended on motion, after a general appearance by the defendant and the expiration of the time for filing pleas in abatement.

ASSUMPSIT for breach of an alleged oral agreement to execute and deliver a bond to convey real estate.

The writ was made upon a Franklin county blank, commencing "Franklin, ss. ;" it was signed by the clerk of the court for Franklin County, dated Aug 20, 1864, and made returnable to the Supreme Judicial Court, to be held at "Norridgewock, in said county, on the third Tuesday of August, 1864." The action was entered at the September term in Somerset County, at which term the defendant appeared by his attorneys, and the action was continued to the December term. On the third day of the December term, DANFORTH, J., presiding, permitted the plaintiff, against objection, to amend the writ as to the time and place at and to which it was made returnable, and the defendant excepted.

Lawrence *v.* Chase.

The writ contained a count for money had and received, with a specification of the amount of money received by the defendant for a farm belonging to the plaintiff and by her conveyed to one Whitney, receiving back a bond for reconveyance, which bond was assigned by the plaintiff to the defendant. Also a special count alleging, substantially, that, in May, 1862, the plaintiff was possessed of a writing obligatory, dated Aug. 21, 1861, and signed by one Geo. W. Whitney, wherein he obligated himself to reconvey to the plaintiff the farm which she had on that day conveyed to said Whitney, upon the conditions therein mentioned; that, at the special request of the defendant, the plaintiff then transferred and assigned said bond to him upon the consideration and agreement of the defendant that he would redeem said farm from Whitney, and, after redemption, he would give the plaintiff his bond to reconvey the same to her upon her paying to him what should be reasonably due for the same at any time within three years; that the defendant did redeem said farm, May 29, 1862, and receive a deed thereof from Whitney; that the plaintiff demanded of the defendant his said bond, which was refused; that the defendant, on June 1, 1863, sold and conveyed away the farm for $800; and that it was worth $1500, &c.

Plea, general issue and joinder; and the following among other specifications of defence was filed.

2. There was no agreement, express or implied, at the time of the assignment of said writing obligatory, or at any other time, by which the defendant bound himself, in any manner, to make, execute and deliver to the plaintiff any bond or writing obligatory whatever. Nor was he, by the terms of said assignment, in any manner bound to do so.

In argument to the jury, the defendant contended that the action could not be maintained on the special count, and requested the presiding Judge, (DICKERSON,) so to instruct the jury, which he declined; but he did instruct them:—

That, if the plaintiff had proved the allegations in the special count, she was entitled to recover on that count, and

the measure of damages would be the actual value of the farm, after deducting the amount of money actually paid by the defendant to relieve it from incumbrances, and such other sums paid out, and for services rendered by the defendant at plaintiff's request, as plaintiff agreed to allow defendant in just payment of her claim against him.

The defendant also requested the presiding Judge to instruct the jury that any promise made by the defendant to the plaintiff, after he received a deed from Whitney, to account to her for the proceeds of any sale of said farm, would be without consideration and invalid in law; but the presiding Judge, in addition to other instructions, instructed the jury : —

That, if the defendant obtained the deed from Whitney in consideration of delivering to him the obligation he gave the plaintiff and paying him the amount of Whitney's claim against her, the plaintiff would be entitled to recover on the money count, after the defendant had sold the land and received the money therefor, with or without any such promise.

The jury returned a verdict for the plaintiff, for $839,50, and the defendant alleged exceptions.

The remaining facts sufficiently appear in the opinion.

*Wright & Barrett*, for the defendant.

1. The writ was void. *Cranmer* v. *Van Alstyne*, 9 Johns., 386. Hence not amendable. *Cranmer* v. *Van-Alstyne*, 9 Johns., 386; *Burk* v. *Barnard*, 4 Johns., 309; *Bunn* v. *Thomas*, 2 Johns., 190; *Bell* v. *Austin*, 13 Pick., 90. Not being returnable at any term, Court had no jurisdiction; and appearance of the defendant conferred no jurisdiction. *State* v. *Bonney*, 34 Maine, 223; *Bailey* v. *Smith*, 3 Fairfield, 196; and *Bragg* v. *Greenleaf*, 14 Maine, 395, not inconsistent with the above.

2. The agreement set out in special count was within statute of frauds and the first requested instruction should have been given. R. S., c. 111, § 1; *Norton* v. *Webb*, 35 Maine, 218; *Steele* v. *Adams*, 1 Greenl., 3; *Norton* v.

*Preston*, 15 Maine, 14; *Blood* v. *Hardy*, 15 Maine, 61; *Boyd* v. *Stone*, 11 Mass., 342; *Sherburne* v. *Fuller*, 5 Mass., 133; *Patterson* v. *Cunningham*, 3 Fairfield, 506, and cases there cited. Plaintiff's remedy is in equity.

Instruction upon money count was inconsistent with that on special count, and tended to mislead the jury. If the plaintiff was entitled to recover under the special count, the amount would be the reasonable damages sustained by the breach of the contract, without reference to the amount the farm sold for. If under money count, she was entitled to the amount of her money in his hands as trustee, after deducting all legal claims against her. Counsel also submitted an elaborate brief in support of the motion.

*J. H. Webster*, for the plaintiff.

WALTON, J.—If the defendant would take advantage of the statute of frauds in an action to recover damages for the breach of an oral agreement within its provisions, he must do so by some proper plea. The proper plea is sometimes a demurrer, sometimes the general issue, and sometimes a special plea in bar. Which is the proper one to use can always be determined by a simple inspection of the plaintiff's declaration. If the declaration sets out a parol promise, a demurrer is the proper plea. If the declaration sets out a written promise, the general issue, "never promised in manner and form," &c., is the proper plea. If the declaration avers a promise merely, without stating whether it is or is not in writing, then a special plea in bar, denying that it is in writing, is the proper plea. The form of such a special plea is given by Mr. Chitty. 3 Chitty's Plead., 909. Under our system of pleading, such a special plea can of course be in the form of a brief statement filed with the general issue, provided a proper foundation for it is laid in the specifications of defence.

The reasons for requiring such a special plea are, that the statute of frauds does not make contracts within its provisions illegal; it only secures to the defendant an immunity,

which he may avail himself of or not as he sees fit; and if he sees fit to avail himself of it he should say so, clearly and distinctly, at the outset, and not by a general traverse put the plaintiff to the trouble and expense of proving the promise set forth in his declaration, and then for the first time make his election not to abide by it. Such a course is trifling with the Court. The defendant has no right thus to compel the Court to spend its time in trying an issue which he does not intend to abide by.

It was to avoid just such a covert and crooked course of proceeding, that the statute was passed requiring defendants in civil actions to file with the clerk a written specification of the grounds of their defence, fourteen days at least before the next term after the entry of the action, and the rule established that they shall, in all cases, on the trial of the actions, be confined to the grounds therein set forth. Nothing is easier than for parties to comply with this simple provision of law. If a party desires to take advantage of the fact that his promise was not made within six years before the commencement of the suit, and is therefore barred by the statute of limitations, he must say so. If he desires to take advantage of the fact that his promise is not in writing, and is not therefore binding upon him, he must say so. He cannot omit all mention of these grounds of defence in his specifications, go to trial upon the general issue, and then for the first time insist upon the benefit of them. Browne on Stat. of Frauds, §§ 508, 513; *Cahill* v. *Bigelow & trustee*, 18 Pick., 369; R. S., c. 82, § 18; Rule 9, of this Court.

This view of the law disposes of the principal questions discussed in this case. The plaintiff, in her declaration, avers a promise or agreement on the part of the defendant to execute and deliver to her his writing obligatory to convey to her certain real estate, upon certain terms and conditions therein named. Such an agreement is undoubtedly within the fourth clause of the statute of frauds; (BROWNE on Stat. of Frauds, § 266, and authorities there cited,) and

Lawrence *v.* Chase.

this fact, if the defendant had seasonably and in a proper manner taken advantage of it, might have defeated the plaintiff's suit at law, and driven her into equity for a remedy against the fraud thus attempted upon her, or, perhaps she could have avoided the difficulty by an amendment of her writ, charging the defendant with the value of the consideration which she had parted with, and recovered upon an implied promise to pay a reasonable compensation therefor, which the defendant would not be allowed to rebut by setting up an express promise not binding upon him, and which he had elected not to be bound by; for the law seems to be well settled in favor of such a recovery; (Browne on Stat. of Frauds, § 117,) but this the defendant did not do, and we think the point is not now open to him. He went to trial under the general issue, and a broad denial of any agreement, express or implied, and permitted evidence of a parol agreement to be introduced without objection; and, now that the issue which he chose to present has been found against him, we think it is too late for him to set up the statute of frauds. No such ground of defence is mentioned in his specifications, (and there was no motion to amend them,) and so far as the case discloses, no such ground was taken at the trial. The case shows that the defendant's counsel argued to the jury, and requested the presiding Judge to instruct them, that the action could not be maintained; but the ground on which his argument and request were based does not appear. It may have been upon the statute of frauds, but the case does not show it, and we are not at liberty to go out of the case to ascertain how the fact was. Besides, if the objection was not taken till after the closing arguments were commenced, for the reasons already stated, we think it was then too late. The defendant chose to go to trial upon an issue which he probably thought more honorable than one based on the statute of frauds, and we think he must abide by the election he then made.

This view of the law disposes of so much of the excep-

tions as relate to the rulings of the presiding Judge in relation to the maintenance of the suit. We see nothing in them of which the defendant can justly complain.

Nor do we see any error in the rulings of the presiding Judge on the question of damages. If the defendant had performed the engagement which the jury have found he made, the plaintiff could have regained the title to her farm, by paying the defendant what he had paid out to relieve it from incumbrances, and such other sums as she had agreed to allow him for money paid and services rendered. The damage to her, by non-performance, would therefore be the value of the farm, minus those sums. This was the rule given by the presiding Judge to the jury, and we have no doubt it was the correct one.

But it is claimed that, upon this rule, the damages are too large, and a motion is made to have the verdict set aside for that reason. Let us see. The jury found specially the value of the farm to be $1060. The defendant pretended to have claims against the farm amounting to $412; but he admits that this amount was made up from recollection; that he had no account against the plaintiff; and she denies most of the items testified to by him. Deducting the amount of the verdict, $839,64, from the value of the farm, and we find that the jury allowed him $220,36; and we are not prepared to say, in view of all the evidence in the case, that this was not enough.

The defendant excepts to the allowance of certain amendments of the writ. The defects were such as could only be taken advantage of by plea in abatement, within the first two days of the term when the action was entered. This not having been done, the objection, when made, was too late, and the amendments were properly allowed.

*Motion and exceptions overruled.*

*Judgment on the verdict.*

Appleton, C. J., Dickerson, Barrows and Danforth, JJ., concurred.