ALONZO HEARNE *vs.* OWEN B. CHADBOURNE, appellant.

York, 1875.—September 8, 1876.

*Statute of frauds.    Evidence.*

Where a verbal contract for service to be rendered for a certain number of weeks or months is silent as to the time when the service is to commence, while the presumption is that it is to commence forthwith, this is no such conclusive presumption of law as to exclude evidence from the acts of the parties to show that in fact the understanding between them was that such service should commence, not immediately, but at a future day.

Where a verbal contract was made Friday that the plaintiff who was then in the employment of the defendant, should work a year for him at an increase of wages, and was silent as to the time when the year was to commence, *held,* that the fact that the defendant credited the plaintiff with wages at the increased rate, from the subsequent Monday only, and that partial settlements were made by the parties on that basis was admissible in evidence, and sufficient to warrant the inference that the understanding was that the year was to commence on Monday and not on Friday, and that the contract, therefore, being one not to be performed within a year from the making thereof, was within the statute of frauds.

ON EXCEPTIONS.

ASSUMPSIT for wages.

The action was referred in this court to a referee to be determined upon legal principles, who at the September term thereof, 1874, made report "that upon Friday, March 7, 1873, the parties agreed that Hearne should work for Chadbourne one year at the rate of nine dollars a week; that the plaintiff had previously worked for the defendant at eight dollars a week without any agreement to remain any definite time; that for the week's work, ending with Saturday, March 8, 1873, the parties settled at the old rate of eight dollars per week, and for the succeeding weeks they settled at nine dollars per week (so far as any settlement was had), commencing to credit Hearne for his work at this rate on and after Monday, March 10, 1873. Hearne continued to work for Chadbourne till May 19, 1873, when he left. If the agreement to work for one year was legally binding, or if the effect and construction to be given that contract is that the year commenced with Friday March 7, 1873, then I find that nothing is due the plaintiff, because I find that he broke that contract, and thereby the defendant suffered much greater damage than all the labor rendered by the plaintiff was worth; but if the true interpretation of the language and acts of the parties is, that the year was not to commence till Monday, March 10, 1873, and the contract was therefore invalid under the statute of frauds, then I find that the plaintiff is entitled to have and recover of the defendant the sum of twenty-eight dollars and sixty cents and the costs of this reference taxed at five dollars, together with the costs of court to be taxed by the court and the costs awarded in the Biddeford municipal court; but as the parties have desired the

cause to be determined upon legal principles I refer to the court the question of the true construction and legal effect of the transaction between the parties."

Upon the report, the presiding justice ordered judgment for the plaintiff, and the defendant excepted.

*R. P. Tapley*, for the defendant.

The plaintiff seeks to.avoid his contract under the provisions of the statute of frauds which provides that "no action shall be maintained . . . upon any agreement that is not to be performed within one year from the making thereof . . . . unless the promise, contract or agreement on which such action is brought or some memorandum or note thereof is in writing and signed by the party to be charged therewith." R. S., c. 111, § 1, cl. 5.

I. To bring the case within the statute it must affirmatively appear that the contract was "not to be performed within one year from the making thereof." It is not enough that it may or may not be performed within the year; if it is susceptible of performance within the year the statute does not attach. Brown on Statute of Frauds, c. 13, §§ 273, 278 A, 279.

Our own courts say: "This clause of the statute has been limited to cases where, by the express terms of the agreement, the contract was not to be performed within a year."

The supreme court of errors in Connecticut say that unless it appears that the agreement is not to be performed until after the expiration of a year it need not be in writing. *Russell* v. *Slade*, 12 Conn., 445. *Clark* v. *Pendleton*, 20 Conn., 495.

II. It must affirmatively appear, from the agreement itself, that it was not to be performed within a year.

Subsequent modifications will not relate back. If the contract does not provide that it is not to be performed in a year, it is not within the statute whatever may have been the expectation of the parties. *Russell* v. *Slade, ubi supra. Moore* v. *Fox*, 10 Johns:, 244, where the court cite *Lower* v. *Winter*, 7 Cow., 263 ; and *McLees* v. *Hale*, 10 Wend., 426 ; and remark that *Boydell* v. *Drummond*, 11 East., 142, does not conflict with these authorities but proceeds upon the same principle.

In *Peters* v. *Westborough*, 19 Pick., 364, the court say : "But

this clause of the statute extends only to such agreements as, by the express appointment of the parties, are not to be performed within a year. If an agreement be capable of being performed within a year from the making thereof, it is not within the statute, although it be not actually performed till after that period."

In *Lyon* v. *King*, 11 Metc., 411, a construction of the statute was sought and the previous decisions of the court were referred to as presenting the views of the court including the case of *Peters* v. *Westborough*, which was *eo nomine* sustained and the case under consideration sustained upon it.

The case of *Doyle* v. *Dixon*, 97 Mass., 208, recognizes *Peters* v. *Westborough* as authority, thus bringing the construction found in that case down to a very late period of time.

In the case of *Linscott* v. *McIntire*, 15 Maine, 201, it is said by our court: "This clause of the statute has been limited to cases where, by the express terms of the agreement, the contract was not to be performed within the space of a year."

In *Herrin* v. *Butters*, 20 Maine, 119, the court say: "We must look to the contract itself and see what he was bound to do; and what, according to the terms of the contract, it was the understanding that he should do."

III. An agreement to labor for a year is not within the statute. This is expressly decided in *Russell* v. *Slade*, before cited.

"In *Williams* v. *Jones*, 5 Barn. & Cress., 108, an attorney had entered into a written contract, whereby he agreed to take into partnership in the business of an attorney a person who had not at that time been admitted. No time was expressly fixed for the commencement of the partnership. And it was held, that no time being expressly appointed the partnership commenced from the date of the agreement." Holroyd, J., in that case said: "Whatever may have been the intent of the parties which I collect to have been that the instrument should take effect immediately, at all events, the law gives it that effect, no time for its commencement being mentioned in the instrument."

It was also held in this case "that parol evidence could not be received to prove that the agreement was not to take effect until the person had been duly admitted."

In the light of these authorities the counsel gave a minute and exhaustive examination of the referee's report.

*J. M. Goodwin & W. F. Lunt,* for the plaintiff.

BARROWS, J. ASSUMPSIT for labor and services rendered.

The question is whether judgment was rightly ordered for the plaintiff upon an alternative report of a referee, who found that while the plaintiff was at work for the defendant at $8 a week he made a verbal agreement during the progress of a week's service to work for him a year at $9 a week, that the parties settled for that week's work at the old rate of $8 per week, and for succeeding weeks so far as any settlement was had at $9 a week, the defendant commencing to credit the plaintiff for his work at the latter rate on and after March 10th, the contract for the year's service having been made on the 7th.

This contract the referee finds the plaintiff broke, and if it is legally binding, nothing is due him; "but if the true interpretation of the language and acts of the parties is that the year was not to commence till Monday, March 10, 1873, and the contract was therefore invalid under the statute of frauds," he finds a certain amount due the plaintiff.

We think that "the true interpretation of the language and acts of the parties" as reported by the referee is that it was understood by them both that the contract for the year's service at $9 a week was not to go into effect until the following week, and so was "not to be performed within one year from the making thereof."

It is true that in the absence of any words or acts of the parties indicating the contrary, an agreement to work for a year means, to work for that length of time commencing forthwith.

The referee reports no express stipulation in the contract to overcome this presumption; but he sets out the acts of the parties showing the contemporary interpretation which both put upon it, and this places the case directly within the doctrine laid down in *Herrin* v. *Butters,* 20 Maine, 119 ; *Peters* v. *Westborough,* 19 Pick., 364 ; and *Boydell* v. *Drummond,* 11 East., 142 ; where the old idea that it must be expressly and specifically agreed that the contract is not to be performed within the year, as expressed in

*Moore* v. *Fox*, 10 Johns., 244, and *Fenton* v. *Embler*, 3 Burr., 1278, is so far modified as to include cases where such appears to have been the understanding of the parties.

The defendant's counsel earnestly contends that it should appear in the statement of the contract itself that it was not to be performed within the year or it would not be invalidated, and cites *Williams* v. *Jones*, 5 Barn. & Cress., 108, to show that parol evidence is not admissible to prove that the understanding was that the term of service was not to commence immediately. But that was a case of a written contract, and it was held in accordance with familiar principles, that it was not competent to vary its effect by parol and to show that while apparently absolute it was really conditional, nor to add by parol to an agreement which could not be valid unless in writing. When a verbal contract for service to be rendered for a certain number of weeks or months is silent as to the time when that service is to commence, while the presumption is that it is to commence forthwith, it is no such conclusive presumption of law as to exclude evidence from the acts of the parties to show that in fact the understanding between them was that such service should commence, not immediately, but at a future day.

The case presented by the report of the referee is this. Hearne has done work for the defendant for which he is entitled to recover pay unless the defendant has shown that he has forfeited his right to it by breaking a contract which was legally binding.

The facts reported by the referee show a verbal contract, made on the 7th, for a year's service to commence on the 10th and so not legally binding. *Snelling* v. *Lord Huntingfield*, 1 Cromp., M. & K., 20. *Bracegirdle* v. *Heald*, 1 B. & A., 722.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.