OCTAVE BERNIER vs. CABOT MANUFACTURING COMPANY.

Androscoggin.    Opinion December 17, 1880.

*Statute of frauds.*

An oral contract wherein a laborer agrees that he will not leave the service of his employer for two years, nor in the summer, nor without two weeks' notice, is within the statute of frauds.

It is a clear rule of law that an oral contract within the statute of frauds can no more be made the ground of defence than demand. The obligation of the plaintiff to perform it is no more available to the defendant in the one case, than the obligation of the defendant to perform it would be to the plaintiff in the other.

ON EXCEPTIONS.

The case is stated in the opinion.

The report shows that the defendants in this action had been summoned as trustees in two other actions against the plaintiff.

*Mitchell & Atwood,* for the plaintiff, cited : 2 Pars. Contr. 519 ; 65 Maine, 302 ; 31 Maine, 555 ; 11 Met. 412 ; 1 Gray, 131 ; 19 Pick. 364 ; 3 Pars. Contr. 36, 17 ; 1 Pars. Contr. 455 ; 29 Conn. 515 ; 2 Kent's Com. 467 ; 6 Cush. 512 ; 2 Wharton Ev. § § 907, 912 ; 58 Maine, 218 ; 16 Conn. 250 ; 9 Allen, 14 ; 5 Gray, 41.

*Weston Thompson,* for the defendants.

Plaintiff can not recover on an implied contract, because an express one was made. *Marshall* v. *Jones,* 11 Maine, 54 ; *Charles* v. *Dana,* 14 Maine, 383 ; *Whiting* v. *Sullivan,* 7 Mass. 107 ; *Wheelock* v. *Freeman,* 13 Pick. 165 ; *Jennings* v. *Camp.* 13 Johns. 96 ; *Merrill* v. *Frame,* 4 Taunt. 329 ; *Allen* v. *Ford,* 19 Pick. 217.

He can not recover on the express contract, because he has broken it without excuse. *Marshall* v. *Jones.*

He relies on the statute of frauds. Rev. Stat. c. 111, § 1, spec. 5.

The case is not within the *letter* of that law. Statute declares no contract void. "No action shall be maintained." We are not seeking to maintain an action on the contract. *Galvin* v. *Prentice,*

45 N. Y. 162; *Marshall* v. *Jones; Philbrook* v. *Belknap,* 6 Verm. 383; *Foote* v. *Emerson,* 10 Verm. 338.

Money paid on parol contract for purchase of land cannot be recovered back, unless vendor refuses to perform. Contract is not void, though not actionable. It would not maintain a suit; it may defeat one. *King* v. *Brown,* 2 Hill, 487; *Dowdle* v. *Camp,* 12 Johns. 451; *Collier* v. *Coates,* 17 Barb. 471; *Burlingame* v. *Burlingame,* 7 Cow. 92; Browne on Frauds, 122, and cases there cited; *McCampbell* v. *Campbell,* 5 Litt. 92; *Lockwood* v. *Barnes,* 3 Hill, 128; *Abbott* v. *Draper,* 4 Denio, 51; *Erben* v. *Lorillard,* 19 N. Y. 302, 304; *Coughlin* v. *Knowles,* 7 Met. 57.

Neither is this case within the "spirit" of the statute. Purpose of the act is sometimes more regarded than its form. A man makes an unwritten promise "to answer to the debt, etc., of another," holding funds of that "other," sufficient and liable for his indemnity. Whether it be called an original or a collateral promise, if the original debtor continues liable, it is strictly within the letter of the act; yet it is binding and *actionable.* Liability to loss which occasioned the statute, does not exist. Brown on Frauds, 187, and cases there cited; and see *Pratt* v. *Humphry,* 22 Conn. 317; *Stebbins* v. *Smith,* 4 Pick. 97.

Lest courts should place unmerited confidence in parol testimony and be deceived, the statute was made.

In this case there is no danger of being so deceived; for parties agree that the contract was made. Plaintiff can not say the court may be deceived to his prejudice by relying on his own voluntary, deliberate and sworn admission in the case. *Cessante ratione legis cessat, et ipsa lex.*

Statute does not forbid the contract or make it illegal; and if it be established there can be no objection to its enforcement.

Statute "prescribes a rule of evidence," of which the party avails himself or not, at his election. *Bird* v. *Munroe,* and cases there cited; Browne on Frauds, 115; *Witherell* v. *Me. Ins. Co.* 49 Maine, 200; *Stuart* v. *Lake,* 33 Maine, 87; *Montgomery* v. *Edwards,* 46 Vt. 151; *Harris* v. *Morse,* 49 Maine, 432.

If the party who relies on the statute, introduces parol testimony himself to prove the contract and that his own testimony, does he not waive the benefit of the rule of evidence which would have excluded such testimony? Counsel further cited: Browne on Frauds, 273, 274, 279, 281, 286; 7 Met. 46; 97 Mass. 208; 11 Met. 411; 11 Gray, 168; 10 Johns. 244; 46 Vt. 151; 62 N. Y. 560; 15 Maine, 201; 66 Maine, 337; 19 Pick. 364.

SYMONDS, J.    Assumpsit to recover the wages of the plaintiff and his minor children. That services were rendered by them for the defendants, which, at stipulated rates, amount to the sum found due by the jury is not denied. But the defence is put upon the ground that these services were rendered under a special contract, by which the plaintiff for himself and his children agreed not to leave the defendants' employ for two years, nor in the summer, nor without two weeks' notice; and that the amount claimed in this action was forfeited by breach of the contract on the part of the plaintiff, the defendants not being in fault and sustaining damage thereby at least to the extent of the balance due for wages earned.

This was an entire contract, to work for the period of two years and, besides, not to leave at any time in the summer nor without notice; not that during the two years the plaintiff might leave, except in summer, upon giving the required notice. For a single consideration, express or implied, the payment of wages at agreed rates, the plaintiff contracted for himself and his children to render the two years' service, and that, if he left after that, it should not be in summer, nor without notice unless by consent. This is the contract, as we understand it from the statement of the case. It was oral and was within the statute of frauds. It could not in any contingency have been fully performed within one year. The death of the plaintiff within the year, or some casualty, might have excused performance, but could not have fulfilled the contract. "If the agreement cannot be completely performed within a year, the fact that it may be terminated, or further performance excused or rendered impossible, by the death of the promisee or of another person within a year, is not

sufficient to take it out of the statute.   It was therefore held in *Hill* v. *Hooper*, 1 Gray, 131, that an agreement to employ a boy for five years and to pay his father certain sums at stated periods during that time was within the statute ; for although by the death of the boy the services which were the consideration of the promise would cease and the promise thereby be determined, it would certainly not be completely performed.   So if the death of the promisor within the year will merely prevent the full performance of the agreement, it is within the statute ; but if his death would leave the agreement completely performed and its purpose fully carried out, it is not." *Doyle* v. *Dixon*, 97 Mass. 212.

It is clear that, under this rule, no action could have been maintained on the verbal contract set up in defence.   If it be said that the agreement not to leave in summer, nor without notice, applied to the period of two years, as well as to later time, so that to leave during the two years, in summer and without notice, would be a breach of all three stipulations, the same conclusion follows, not only because the contract is entire, but also because each of the several promises made by the plaintiff for one consideration covers a period of more than a year.   No one of them could be completely performed within one year. The agreed statement finds the limitation of two years as a part of the contract, and it cannot be ignored on either branch of it.

The report shows the contract to have been, first, that they would not leave the defendants' service within two years ; second, that they would not leave said service in the summer time ; third, that they would not leave said service without giving previous notice of two weeks of their intention so to do.

The first stipulation cannot be disregarded in construing the second and third.

The agreement not to leave in summer, nor without notice, must relate to the whole period of two years, or it must be referred altogether to the period succeeding the expiration of the two years.   An agreement not to leave in summer, nor without notice, for two years, is as much within the statute, as an agreement not to leave the defendants' employment at all during the same time.

.The clear rule of law is that an oral contract, within the statute of frauds, "cannot be made the ground of a defence, any more than of a demand; the obligation of the plaintiff to perform it is no more available to the defendant in the former case, than the obligation of the defendant to perform it would be to the plaintiff in the latter case." Browne on Frauds, § 131.

The present case does not fall within any of the exceptions to the rule.

*Exceptions overruled. Judgment to await the termination of the trustee suits.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.