BYRON MARSHALL AND RICHARD C. JONES

*vs.*

ROLAND B. AND STELLA A. LOWD AND FRANCES HORN

York. Opinion, December 23, 1958.

*Sewall, Strater & Erwin,* for plaintiff.

*J. Armand Gendron,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J.    This is an action on the case in the nature of special assumpsit brought to recover damages for breach of a written contract for the sale and removal of standing wood and timber. The defendants demurred to the plaintiffs' declaration. The demurrer was overruled by the presiding justice, and exceptions were duly taken by the defendants.

The plaintiffs' declaration reads as follows:

"1.    In a plea of the case for that the said defendants on the 13th day of July, A. D. 1956, entered into a contract in writing with the Plaintiffs, duly signed and delivered, of which the following is a copy:

THIS IS A CONTRACT MADE THIS 13TH DAY OF JULY, A. D., 1956 BETWEEN ROLAND B. LOWD AND STELLA A. LOWD OF BERWICK, COUNTY OF YORK, MAINE PARTY OF THE FIRST PART AND BYRON MARSHALL OF SOUTH BERWICK, COUNTY OF YORK, MAINE AND RICHARD C. JONES OF BERWICK, COUNTY OF YORK, MAINE PARTY OF THE SECOND PART, FOR THE PURCHASE OF STANDING WOOD AND TIMBER OWNED BY SAID LOWDS AND FRANCES HORN, SITUATE IN ACTON, said County of York.

MARSHALL AND JONES have the right to enter on property of ROLAND B. LOWD AND STELLA A. LOWD for the purpose of pulp and lumber operations.

MARSHALL and JONES to pay $18.00 per thousand for square edge pine and hardwoods sawed, except lumber or wood used other than sawed lumber in process of lumber and pulp operations. All lumber to be mill tally of sawable lumber, and to be paid for every two (2) weeks by MARSHALL and JONES.

ROLAND B. LOWD has right to chop pulpwood and boltwood with partner or helper for $5.00 per cord as long as operations are in process or as long as job lasts. Said pulp or boltwood cut by ROLAND B. LOWD to be browed by MARSHALL and JONES or men contracted to do that work.

It is agreed that ROLAND B. LOWD is to chop hardwood logs at $7.00 per thousand. Said logs to be either mill or International Rule Scaled, until such time as lumber is sawed and mill tally determined. All logs and pulp cut by ROLAND B. LOWD to be plainly marked if deemed necessary by ROLAND B. LOWD.

ROLAND B. LOWD to be paid every week for pulp or bolt wood he and/or his helper chops.

It is agreed that ROLAND B. LOWD and/or his helper will chop all wood agreeable to market demands and in a workmanship manner, under supervision of MARSHALL and JONES.

MARSHALL and JONES agree to take any and all pine lumber agreeable to be squared and to leave pine unfit for squaring.

MARSHALL and JONES have right to keep and store any equipment · including mills, camps, horses, trucks and etc. of theirs or their agent and use water on the LOWDS land.

MARSHALL and JONES agree to pay ROLAND B. LOWD and STELLA A. LOWD, payable to

ROLAND B. LOWD, $1.50 for each cord of pulp or boltwood chopped. Survey to be made by Company to whom pulp and/or boltwood is sold.

It is agreed that MARSHALL and JONES not be liable for damage to land due to operations, such as building brows and roads, fire and etc.

It is agreed that MARSHALL and JONES have right to authorize any and all help or agents to enter on said land of ROLAND B. LOWD and STELLA A. LOWD at any and all times as deemed necessary to MARSHALL AND JONES.

Said MARSHALL and JONES to have three (3) years from date of this contract to remove lumber and pulp.

MARSHALL and JONES to have all pulp and lumber except that reserved by ROLAND B. LOWD and STELLA A. LOWD and marked as such on or before day operations begin. Said mark being a painted line.

MARSHALL and JONES have right to hire choppers and browers on pulp operations or any help or contract operations on pulp and lumber as they may deem necessary.

It is understood that MARSHALL and JONES are not to be held liable for any taxes; Government, State or Town, on land or withholding taxes other than tax on sawed lumber.

It is agreed that MARSHALL and JONES shall have all rights to all slabs and sawdust at their discretion.

2.  That the Plaintiffs have duly performed all the conditions of said agreement on their part to be performed but the Plaintiffs were prevented by the Defendants from acting further under said agreement, and from further conducting the business contemplated thereby.

3.  That said Defendants have not performed the conditions and agreement on their part to be per-

formed in and by said agreement, but have violated the same, in that they refused to permit the Plaintiffs to enter upon their land and further sold the wood described in the foregoing contract to a third party."

The record fails to indicate the execution of the agreement set forth in the declaration, but the parties have stipulated that the contract was signed by all persons to be charged thereunder.

To this declaration the defendants filed a demurrer, claiming as grounds of demurrer the following, viz:

"(1) That the promise, contract or agreement upon which the action is brought and the memorandum or note thereof in writing signed by the parties is fully set forth in plaintiffs' declaration by copy, as stated in said declaration;

(2) That the contract in question is a contract for the sale of an interest in real estate, and, for that reason, is within the express terms of the Statute of Frauds, R. S., Chapter 119, sec. 1, subsec. IV;

(3) That the contract in question is an agreement which, by its specific terms, is not to be performed within one year from the date of the making thereof, and for that reason, also, is within the express terms of the Statute of Frauds, R. S., Chapter 119, sec. 1, subsec. V;

(4) That the promise, contract, or agreement in this case, and the memorandum or note thereof, being the writing set forth in plaintiffs' declaration, as above stated, does not contain any description whatsoever of the real estate thereby affected, except that it states that said real estate is situated in the Town of Acton, in said County of York, and does not in any way identify said real estate, and, for that reason, is insufficient to satisfy the requirements of the Statute of Frauds."

The provisions of the Statute of Frauds, R. S., 1954, Chap. 119, claimed by the defendants to be applicable to the instant case are as follows:

> "**Sec. 1. Cases in which promise must be in writing; consideration need not be expressed therein.** — No action shall be maintained in any of the following cases:
>
> . . . .
>
> **IV.** Upon any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them;
>
> **V.** Upon any agreement that is not to be performed within 1 year from the making thereof;
>
> . . . . unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, . . . ."

The case presents the following issues:

1) May the defense of the statute of frauds be raised by defendants' demurrer?

2) If so, for the purpose of demurrer, is the agreement set forth in the declaration (a) a contract for the sale of an interest in real estate or (b) an agreement not to be performed within one year from the making thereof?

3) If either, is the memorandum sufficient to take the case out of the statute?

The first question to be decided therefore is whether the alleged failure to comply with the statute of frauds may be raised by defendants' demurrer in the instant case in which the agreement between the parties is set forth verbatim in the declaration.

The law is clear in this state that the defense of the statute of frauds may be raised by a demurrer in those cases

in which an agreement required by the statute to be in writing is shown by the declaration to have been oral. *Lawrence v. Chase*, 54 Me. 196.

The same principle is true in equity. A demurrer is proper pleading in cases in which an agreement within the statute of frauds is shown by the bill to be verbal. *Farnham v. Clements*, 51 Me. 426, 428.

Our court has never determined whether or not a defendant may by demurrer raise the question of the sufficiency of a memorandum as a compliance with the statute in cases in which the written agreement is set forth verbatim in the declaration.

From the standpoint of pleading we can discover no distinction between a case in which the declaration sets forth an oral contract which is in violation of the statute, and a case in which the declaration sets forth verbatim a written agreement clearly lacking the essential elements from which a sufficient memorandum under the statute may be established. In either case a demurrer properly raises the question of whether the agreement is within the statute of frauds, and if so, whether the memorandum is a sufficient compliance with the statute.

However, before *sustaining* a demurrer, the court must be satisfied that the contract declared upon is within the statute of frauds, and that the existence of the required memorandum cannot be established from the written agreement itself or from the agreement supplemented by such parol evidence as the law will permit. See *Jacobson et al. v. Hendricks et al.*, 83 Conn. 120, 75 A. 85, in which the court on page 86 said:

"For the purposes of the demurrer, which has been filed by two of the defendants, the demurrants are entitled to the assumption that there are no other writings which would help to establish the exist-

ence of such a memorandum. The possibility of the existence of certain parol proof supplementing the writings filed cannot, however, be ignored. For example, an agency carrying with it the power to execute a sufficient written memorandum may be created by parol. *O'Sullivan v. Overton,* 56 Conn. 102, 105, 14 Atl. 300; *Moody v. Smith,* 70 N.Y. 598; *Long v. Hartwell,* 34 N.J. Law, 116; *Cave v. Mackenzie,* 37 L.T. (N.S.) 218. So, also, ambiguities in the terms of a writing, or in the language of reference to other writings sought to be identified as those to which a signed writing refers, may be resolved by oral proof. Benjamin on Sales, Sec. 222, 222a. In order, therefore, that the action of the court below may be justified for reasons arising from the statute of frauds, it must appear from the complaint and the writings filed, regarding them as including all pertinent writings, that the plaintiffs could not offer admissible evidence to establish the existence of the necessary memorandum either by virtue of some one of said writings, or of all of them taken together, or of any one or all of them, when supplemented by such parol proof as the law would permit to be received."

In ruling that a demurrer is proper from a procedural standpoint, we are aware of the statement by the court in *Lawrence* v. *Chase, supra,* that if the declaration sets out a written promise the general issue is the proper plea. The declaration in that case, however, set forth an oral agreement, and the statement is mere dictum as to the issues in this case.

We now turn to the question of whether or not the agreement declared upon is a contract for the sale of an interest in real estate.

The contract in this case was a simple contract as distinguished from a contract under seal. Whatever the rule may be in other jurisdictions, it is well settled in this state that *parol* or *simple* contracts for the sale of growing timber

to be cut and severed by the vendee are not construed as contracts for the sale of an interest in lands and are therefore not within the statute of frauds. *Emerson* v. *Shores*, 95 Me. 237, 239; 49 A. 1051; *Banton* v. *Shorey*, 77 Me. 48, and cases cited therein.

The next question is whether the agreement is one not to be performed within one year from the making thereof under the provisions of Par. V of Sec. 1 of the Statute of Frauds.

Our court in many cases has had occasion to discuss the applicability of the statute of frauds to agreements alleged to fall within this provision.

In the case of *Longcope* v. *Lucerne-In-Maine Community Association*, 127 Me. 282, 143 A. 64, the plaintiff brought suit to recover damages for the alleged breach of an oral contract of employment. The general issue and statute of frauds were pleaded. The court on page 284 said:

> "The defendant's main reliance is upon the Statute of Frauds which bars actions upon contracts not to be performed within a year unless such contracts are evidenced by writing.
>
> Contracts of employment for a specified period of more than a year or for the performance of undertakings which necessarily require more than that time are obviously within the statute.
>
> Also within the statute are contracts wherein the manifest intent and purpose of the parties, affirmatively proved, is that more than one year shall be taken for their performance.
>
> Browne on The Statute of Frauds, (5th Ed.) Section 281, states this principle thus:
>
> 'Where the manifest intent and understanding of the parties, as gathered from the words used and the circumstances existing at the time, are that the contract shall not be executed within the year, the

mere fact that it is possible that the thing to be done may be done within the year will not prevent the statute from applying.'

And in Chitty on Contracts, (11th Ed.) Page 99, it is said that 'where the agreement distinctly shows, upon the face of it, that the parties contemplated its performance to extend over a longer period longer than one year, the case is within the statute.'

This Court in *White v. Fitts*, 102 Me., 244, quotes these authorities and in its opinion and decision affirms and applies the law as therein stated. See *White v. Fitts* and cases cited.

Some authorities hold that mere possibility of literal performance within a year removes the bar of the statute. Such is not the law in this jurisdiction. The intent of the parties that the contract is not to be performed within a year whether such intent is expressed in words or otherwise plainly manifested is controlling.

Mr. Longscope's contract as appears from his own testimony required him to act with Mr. Saddlemire during the time that the latter is engaged in carrying into execution vast plans of state-wide vacational, agricultural and industrial development. These ambitious projects certainly require more than a year for completion. The parties so understood and intended. It was indeed stated in the contract, as testified to by the plaintiff that the work undertaken would take 'a great many years' and that 'during that time' the plaintiff was to act as Mr. Saddlemire's right-hand man."

These principles were clearly set forth in *White* v. *Fitts*, *supra*, and in *Farwell* v. *Tillson*, 76 Me. 227; *Bernier* v. *Cabot Mfg. Co.*, 71 Me. 506; *Hearne* v. *Chadbourne*, 65 Me. 302; *Herrin* v. *Butters*, 20 Me. 119.

Under the legal principles enunciated by these authorities, the contract in this case is within the statute of frauds if

the performance thereof necessarily requires more than one year, or if the manifest intent and purpose of the parties gathered from the words used and the circumstances existing at the time is that more than one year should be taken for its performance.

None of the above cited cases came to this court on demurrer. All came from the court below after trial or hearing. The facts in those cases clearly indicate an intention on the part of the parties that the contract should not be performed within a year. The instant case presents purely a question of pleading. We do not have the benefit of any evidence showing the nature of the property upon which the cutting was to be made, the extent of the cutting required, or any other circumstances which might shed light upon the intent of the parties as to the time for performance. The only part of the contract which could have any possible bearing on the intention of the parties in respect to the time for performance is contained in the following provision, viz.: "Said Marshall and Jones to have three (3) years from date of this contract to remove lumber and pulp." Counsel for the defendants strenuously argues that this clause clearly brings the contract within the statute.

Does the mere fact that the plaintiffs have the right to enter and remove the lumber and pulp during the period of three years after the date of the contract necessarily indicate an intention that more than a year should be taken for its performance? We think not.

The case of *Herrin* v. *Butters, supra,* involved an agreement to clear certain land in three years. In that case the facts clearly showed an obligation to take three years to do the work, and there were other phases of the agreement from which an intention of the parties that the agreement was to extend beyond a year was clearly manifest. In the instant case the plaintiff had the right to remove the lumber

and pulpwood within three years, but the terms of the contract in no respect indicate an obligation or the necessity to take that time.

We are not satisfied that the provisions of the contract giving the plaintiffs three years to remove the lumber and pulp, taken into consideration with all of the other terms of the contract, necessarily show an intent on the part of the parties that more than one year should be taken for its performance.

We find for purposes of the demurrer that the contract is not necessarily within the provisions of R. S., 1954, Chap. 119, Sec. 1, Par. V.

In view of our rulings of law set forth above, it becomes unnecessary to consider the sufficiency of the memorandum or contract under the statute.

The demurrer was properly overruled.

*Exceptions overruled.*