STATE OF MAINE

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

CUMBERLAND, ss.          2002 SEP 23 P 2: 39

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-297
RAC- CUM- 9/23/2002

LINDA COTE,

Plaintiff

v.                                             ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 4 2002

STATE OF MAINE, DEPARTMENT
OF HUMAN SERVICES,

Defendant

The Defendant's motion to dismiss is before this court pursuant to M.R.Civ.P. 12(b)(6).

## FACTS

In 1997, Linda Cote (Plaintiff) contacted Maine's Department of Human Services (Defendant) about becoming an adoptive parent. The Defendant had compiled a biography sheet about a child, Wesley R., which the Plaintiff reviewed. Wesley had been living in a licensed, specialized foster home that provided him with specialized therapy. The biography sheet, however, failed to mention that Wesley needed to live in such a home or that Wesley needed such therapy. The Defendant also failed to inform the Plaintiff about any of Wesley's special needs. The Plaintiff went ahead and arranged with the Defendant to become Wesley's foster parent.

Shortly after becoming Wesley's foster parent, the Plaintiff realized that Wesley needed special care, which she then began to provide. The Defendant never made the Plaintiff aware that the State provided additional funds and resources for taking care of foster children with special needs. The Plaintiff used her own money to pay for Wesley's specialized care, e.g., from 1997 to 2001, she paid for Wesley to attend a special therapeutic summer camp. Recently, the Defendant acknowledged that this camp was a part of Wesley's therapy, reimbursing her for one half of the camp expenses.

Until March 2002, the Defendant paid the Plaintiff to provide foster care for Wesley at the standard rate of $23.50 per day. In 2001, the Defendant notified the Plaintiff that she would have to be licensed as a specialized family foster home to receive the therapeutic rate of $80.00 per day. In January 2002, the Plaintiff received the appropriate certification. In March 2002, the Defendant began paying the Plaintiff the higher therapeutic rate.

Under theories of unjust enrichment, quantum meruit, quasi contract, and breach of contract, the Plaintiff brought suit against the Defendant to receive compensation for the money she spent on Wesley's therapy and for the specialized therapeutic services she provided to Wesley.

## DISCUSSION

When reviewing a Defendant's motion pursuant to M. R. Civ. P. 12(b)(6), the allegations in the complaint are deemed admitted and the complaint is viewed in a light most favorable to the Plaintiff. *See* In re Wage Payment Litigation, 2000 ME 162, ¶3, 759 A.2d 217, 220. This court should only dismiss

2

the complaint if it appears beyond doubt that the Plaintiff cannot prove her claims under any set of facts that would entitle her to relief. *See id.*

The Law Court has adopted the majority view that the sovereign, i.e., the State of Maine, is immune from suit and that it is "necessary that the sovereign's consent to be sued be given by the Legislature, as the only appropriate body to speak in this regard on behalf of the sovereign." Drake v. Smith, 390 A.2d 541, 543 (Me. 1978). The State and the Legislature have not expressly consented to the Plaintiff's suit. Hence, the Plaintiff needs to base her claims on another theory.

Accordingly, the Plaintiff relies on a ruling of the Superior Court for the proposition that when the State breached certain contracts it was no longer shielded by its sovereign immunity. *See* Horne v. State Board of Education, CV-79-538 (Me. Super. Ct., Ken. Cty., Dec. 18, 1979) (Scolnik, J.). The Horne decision was in turn based upon dictum in Drake. *Id.* More specifically, under Drake, the Law Court left open the possibility that the State could legislatively waive its sovereign immunity in a breach of contract claim by enacting a general scheme that contemplated such contracts. *See* Drake, 390 A.2d at 545.

In this case, the State had in fact enacted legislation, which authorized the Defendant to place children in its custody into long-term foster care, thereby entailing a contractual relationship with adoptive parents. *See* 22 M.R.S.A. § 4064(2) (2001). In other words, the State's sovereign immunity may have precluded the Plaintiff from recovering on its unjust enrichment, quantum meruit, and quasi-contract claims. Nevertheless, when viewing the Plaintiff's breach of contract claim in a light most favorable to the Plaintiff, the Legislature

3

has implicitly waived the State's immunity by enacting the abovementioned statute.

The Defendant argues that the breach of contract claim must also fail because the Plaintiff did not allege in the amended complaint an express contract. *See* Drake, 390 A.2d at 545. However, the Plaintiff's averment that she had an oral contract with the Defendant to render foster care services at the "going rate" will be deemed admitted. *See* M.R.Civ.P 8(a)(1) (requiring that a claim consist of "a short and plain statement . . . showing that the pleader is entitled to relief). The Defendant also argues that because the Plaintiff's oral contract with the Defendant was not performed within one year it violated the Statute of Frauds.[1] *See* Longcope v. Lucerne-In-Maine Cmty. Ass'n, 127 Me. 282, 284-85, 143 A. 64, 65 (1928) (holding that an employment contract was within the Statute of Frauds when the parties intended it to last for more than a year).

However, it is unclear from the pleadings whether the contract could have been performed in less than a year or whether the parties intended the contract to last for more than a year. *See* Marshall v. Lowd, 154 Me. 296, 304-06, 147 A.2d 667, 671-73 (1958) (holding that even though a contract would be in force for three years, the parties may have intended that it last for less than a year, which took it out of the Statute of Frauds). Furthermore, it is within the discretion of this court to equitably estop the Defendant from raising a Statute of Frauds defense based on the Plaintiff's averment that the Defendant induced her to

---

[1] Maine's Statute of Frauds provides that an action for a breach of contract cannot be maintained when there is no writing evidencing an "agreement that is not to be performed within one year from the making thereof." 32 M.R.S.A. §51(5) (2002).

4

perform her part of the bargain.  *See* <u>Great Hill Fill & Gravel, Inc., v. Shapleigh</u>,
1997 ME 175, ¶¶ 6, 7, 692 A.2d 928, 930.


       Wherefore this court shall **DENY** the Defendant's motion to dismiss.


Dated: September 23, 2002

                                      Roland A. Cole
                                      Justice, Superior Court

LINDA COTE  - PLAINTIFF

Attorney for: LINDA COTE
STEPHEN WHITING
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101


vs
STATE OF MAINE DEPARTMENT OF HUMAN SERVICES - DEFENDANT

Attorney for: STATE OF MAINE DEPARTMENT OF HUMAN
SERVICES
CHRISTOPHER MANN
WATSON & MANN PA
1565 WASHINGTON STREET
PO  BOX 710
BATH ME 04530

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00297


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER EQUITABLE RELIEF

STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-297
RAC - CUM - 6/6/2003

2003 JUN -6 P 2: 30

LINDA COTE,

      Plaintiff

     v.

                            **ORDER**

STATE OF MAINE, DEPARTMENT
OF HUMAN SERVICES,

      Defendant

DONALD L. GARBRECHT
LAW LIBRARY

JUN 18 2003

Before this court is the Defendant's Motion for Summary Judgment pursuant to M.R.Civ.P. 56(c).

Contrary to the Plaintiff's assertion, the Law Court has stated, "[s]ummary judgment is no longer an extreme remedy." Curtis v. Porter, 2001 ME 158, ¶7, 784 A.2d 18, 21. At the current procedural window, the court must note the following:

> A summary judgment is warranted when the statement of material facts and the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶4, 817 A.2d 877, 879 (citing M.R.Civ.P. 56(c), (h)).

In the present case, the Plaintiff did not file a separate section of additional material facts pursuant to M.R.Civ.P. 56(h)(2). Recently, the Law Court has

stated, "[a] court need not consider additional facts when . . . they are improperly commingled in the nonmoving party's paragraphs responding to the moving party's material facts, and are not set forth in a separate section of additional facts organized in separate numbered paragraphs added pursuant to Rule 56(h)(2)." Doyle v. Dep't of Human Servs., 2003 ME 61, ¶11, ___A.2d___ (internal citation omitted). Hence, this court will not consider any extraneous statements in the Plaintiff's responses to the Defendant's statement of material facts that do not speak directly to the denial or qualification of the Defendant's statement of material facts.

This case is about the breach of an oral contract insofar as the other claims in the Plaintiff's pleadings, by implication, did not survive a motion to dismiss. Essentially, the Plaintiff's theory is that the Defendant failed to pay the Plaintiff the "going rate" to board and care for a foster child that needed specialized therapy. According to the Plaintiff, an agent of the Defendant deceived the Plaintiff into believing that she was properly being compensated. However, as mentioned above, this court must look to the statement of material facts to determine whether the Defendant's agent perpetrated a fraud on the Plaintiff.

The Defendant's statement of material facts shows that the parties executed an unambiguous written contract pertaining to, among other things, daily adoption assistance payments. The parol evidence rule, however, precludes the court from considering extrinsic evidence predating the integrated, written contract between the parties. Rogers v. Jackson, 2002 ME 140, ¶9, 804 A.2d 379, 381. The Plaintiff also did not appeal the amount of the payments she received from the Defendant as contractually required. In other words, the Plaintiff failed to exhaust her administrative remedies. See Cushing v. Smith, 457

2

A.2d 816, 821 (Me. 1983). Moreover, the statement of material facts does not substantiate a fraud claim against the Defendant. Nor has the Plaintiff averred fraud with particularity in the pleadings as required by M.R.Civ.P. 9(b). As a result, even when viewing the facts in a light most favorable to the Plaintiff, there is not enough evidence in front of the court to make out a breach of contract case against the Defendant.

WHEREFORE, for reasons previously stated, this court shall **GRANT** the Defendant's Motion for Summary Judgment.

Dated: June 6, 2003

Roland A. Cole
Justice, Superior Court

3

LINDA COTE   - PLAINTIFF

Attorney for: LINDA COTE
STEPHEN WHITING
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101


vs
STATE OF MAINE DEPARTMENT OF HUMAN SERVICES - DEFENDANT

Attorney for: STATE OF MAINE DEPARTMENT OF HUMAN
SERVICESHER MANN
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: STATE OF MAINE DEPARTMENT OF HUMAN
SERVICESASSEY
LAW OFFICE OF JOHN CARVER, PA
10 CHURCH STREET
BELFAST ME 04915

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00297

**DOCKET   RECORD**