EDWARD J. ELLIOTT,

*vs.*

ERASMUS JONES.

*Sussex, May* 10, 1917.

Specific performance of a contract respecting personal property may be decreed, although it is limited to personal property peculiar and individual in character, such a patent, or property which has a special value on account of associations connected therewith.

Specific performance of a contract between complainant and defendant to purchase and train a horse, which they thought would become valuable as a race horse, may be decreed, where defendant purchased the horse and refused to allow complainant to participate, even though specific performance of the partnership agreement should not be decreed.

Where a court of equity had jurisdiction to decree specific performance of that part of a contract which entitled complainant to acquire a half interest in a horse, he and defendant having agreed to purchase the horse jointly; and defendant having purchased it and refused to allow complainant to participate, a preliminary injunction restraining defendant from disposing of the animal prior to trial is properly granted, though specific performance of some of the features of the contract could not be granted.

BILL FOR SPECIFIC PERFORMANCE. The bill was filed to enforce the defendant to transfer to the complainant an undivided one-half interest in a certain horse in the possession of the defendant, which by training, it is alleged, could be developed

into a valuable race horse. The cause was heard on bill and affidavits at the return of a rule requiring the defendant to show cause why a preliminary injunction should not issue restraining him from disposing of the horse. The material facts appear in the opinion of the Chancellor.

For opinion after full hearing, *see post p.* 343.

*Daniel J. Layton, Jr.,* for the complainant.

*Charles W. Cullen, Robert H. Richards* and *James I. Boyce,* for the defendant.

THE CHANCELLOR. The complainant and defendant agreed to join in buying and training a particular horse, which by training could be developed into a valuable race horse, each to furnish half of the money for purchasing and training the animal, and to share equally in the profits of using and selling it. The horse was bought by the defendant, who has possession of it and denies the rights of the complainant, and refuses to accept payment of the complainant's share of the purchase money. A decree for specific performance is sought to enforce the defendant to transfer to the complainant an undivided one-half interest in the horse; and on allegations that the defendant threatens to dispose of the animal prays for a preliminary injunction pending the cause and a restraining order. On filing the bill a restraining order was granted, and a rule for a preliminary injunction issued. The hearing is on the rule for preliminary injunction on bill and ex parte affidavits. By his affidavits the defendant did not deny the material allegations of the bill, but questioned the jurisdiction of the court.

While a court of equity will not decree specific performance of an agreement to form a partnership, which being at will is terminable by either party immediately, it will secure to a partner his interest in property to which by the partnership agreement he is entitled. *Somerby v. Buntin,* 118 *Mass.* 279, 287, 19 *Am. Rep.* 459. The power of a Court of Chancery to decree specific performance of contracts respecting personal property is not denied. It is limited, however, to personal property peculiar and individual in character, such as a patent

or which has especial value on account of associations connected therewith, such as heirlooms; or where for some other cause its value is not measurable by a money value reasonably ascertainable as damages in an action at law. Inadequacy of the remedy at law is the basis of the jurisdiction. The nearest illustration of the jurisdiction is its application to contracts respecting slaves. In days, happily long since past, when slaves were property, the question was litigated in several cases. In Virginia, South Carolina, North Carolina, Tennessee and Mississippi it was decided that a court of equity had jurisdiction to enforce specific performance of a contract for the sale and delivery of a specific slave as distinct from one or several slaves as articles of commerce. See the case of *Summers v. Bean*, 13 *Grat.* (*Va.*) 404 (1856), where the authorities are referred to and discussed. In Georgia the rule was not so broad, and the peculiar value of the slave must be alleged and shown, as that they were skilled as house servants, blacksmiths, carpenters, and the like. *Mallery v. Dudley*, 4 *Ga.* 52, 66. Suppose a slave possessed mental or physical powers which indicated that with opportunity for training he could become accomplished in some of the arts and sciences, he would surely have such peculiar value, present or prospective, as that his present value could not be ascertained, and a contract respecting him would have been specifically enforced.

By analogy with these cases a particular horse with unique or peculiar traits and qualities different from horses in general, and which has promises of development by training so as to become valuable for speed in racing contests, has a prospective but now unascertainable value, and, therefore, a contract respecting it is properly a subject for a decree for specific performance, because of the inadequacy of legal remedies. In *Kane v. Luckman*, (*C. C.*) 131 *Fed.* 609, the court refused to decree specifically an agreement to sell to the complainant a certain number of cows in the absence of evidence that they were endowed with any unique or peculiar traits or qualities that would render their value incapable or even difficult of being ascertained in money, and by inference held that if these elements had existed the relief would have been granted.

At this preliminary stage of the cause the preliminary injunction to maintain *in statu quo* the rights of the parties to the property in question should not be denied, because of lack of jurisdiction of the subject-matter where the facts upon which the injunction depends are not denied. Therefore, now it need only be declared that under the allegations of the bill, if they be proved, some part of the relief sought may be granted.

A preliminary injunction will be awarded upon the giving of an injunction bond with sufficient surety.