95 A.2d 692 (1953)
LEE BUILDERS, Inc.
v.
WELLS et al.
Civ. No. 200.
Court of Chancery of Delaware, New Castle.
March 11, 1953.
Albert W. James and H. James Conaway, Jr., Wilmington, of the firm of Hering, Morris, James & Hitchens, Wilmington, for plaintiff.
Daniel O. Hastings and Clarence W. Taylor, Wilmington, of the firm of Hastings, Stockly & Walz, Wilmington, for defendants.
BRAMHALL, Vice-Chancellor.
The new matter which defendants desire to present in support of their motions is substantially as follows:
The Commissioners of the Town of Elsmere after the granting of the building permit to plaintiff, permitting plaintiff to erect a supermarket on the premises which this court has held that defendants must convey to plaintiff, passed an ordinance providing for the revocation of building permits in which work has not begun within a stated period of time after the granting of the permit. Based upon this ordinance the building permit granted to plaintiff was revoked. A few months before this case was tried The Commissioners of the Town of Elsmere also passed a zoning ordinance in which the land in question was restricted to residential use. Thereafter, plaintiff brought an action against The Commissioners of the Town of Elsmere to restrain the revocation of plaintiff's permit. Defendants aver that the zoning ordinance and the revocation of the building permit above referred to were unknown to defendants at the time of the trial of this case.
Defendants now contend that, in view of the allegations contained in the motions and supplemental answer which defendants desire to file, specific performance *693 should not now be decreed. They further assert that since the only purpose of plaintiff in purchasing the land in question was to construct thereon a supermarket and that since The Commissioners of the Town of Elsmere have restricted the property in question to residential use, and have revoked the building permit issued to plaintiff prior to the passing of the zoning ordinance, plaintiff now has an adequate remedy at law and this court does not now have jurisdiction, or if it should have jurisdiction, should not in its discretion decree specific performance.
It seems to me that defendants have assumed as facts questions which have not as yet been finally determined. Assuming that the petitions and supplemental answers of defendants correctly set forth the actions of The Commissioners of the Town of Elsmere with respect to the property purchased by plaintiff from defendants, the question of their right to do so has not yet been determined. That question is now pending before this court for determination in another suit. Whether or not plaintiff will succeed in its efforts to restrain The Commissioners of the Town of Elsmere from revoking the building permit is not an issue in this case and cannot be determined here. I cannot in this action accept as facts matters which are in dispute in another action which has not yet been determined.
Assuming, contrary to this opinion, that the allegations of defendants are facts which must be accepted here, defendants still are not entitled to relief. I say this for two reasons: first, plaintiff's action is based upon a contract for the sale of real estate, by reason of which plaintiff will be presumed to have a peculiar interest therein, so that damages for breach thereof would not be an adequate remedy; secondly, while the facts averred by defendants would place a greater burden upon plaintiff, the burden placed upon defendants would not be increased.
It is true that specific performance will not be granted where plaintiff has an adequate remedy at law. Title 10, Sub-Chapter III, Sec. 342, of the Delaware Code of 1953, provides as follows:
"The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State."
Nevertheless, it is also true that in the case of an agreement for the sale of land, courts will assume that money damages do not constitute an adequate remedy for the breach of such a contract and take jurisdiction without the necessity of an actual showing that such is the case. See citations in 49 Am.Jur., Specific Performance, § 92, p. 107, n. 15. This principle is affirmed in this state in the case of F. B. Norman Co. v. E. I. duPont de Nemours & Co., 12 Del.Ch. 155, 108 A. 743, 746, in the following language:
"It is almost a matter of course that a court of equity will enforce specific performance of contracts concerning land, for all land is assumed to have a peculiar value to those who contract as to it, so that damages for breach of the contract is not an adequate remedy."
See Matthes v. Wier, 10 Del.Ch. 63, 84 A. 878. See also 1 Pomeroy on Equity Jurisprudence (5th Ed.), Sec. 221(b), p. 378. In this section Professor Pomeroy states that courts of equity have established the rule that in general the legal remedy of damages is inadequate in all argeements for the sale or letting of land and therefore in such cases jurisdiction is always exercised and specific performance granted, unless prevented by other and independent equitable considerations which directly affect the remedial right of the complaining party. In support of this statement he cites the case of Matthes v. Wier, supra. In the Wier case this court held that the exercise of a jurisdiction does not therefore depend, as it does when the jurisdiction is merely to confer equitable relief, upon the inadequacy of the legal remedy, but is rather a matter of equitable right in the vendee.
I find no merit in defendants' contention that there is such substantial hardship and inconvenience to defendants as to warrant this court in refusing a decree of *694 specific performance. I so decided in my opinion of November 26, 1952. The fact that plaintiff may or may not be able to erect on the premises of defendant a supermarket, while it may cause plaintiff a great deal of hardship, does not change the position of defendants in any respect. If the plaintiff desires to accept the uncertainty of establishing in court in its action against The Commissioners of the Town of Elsmere the right to a building permit, that is for plaintiff to say, not defendants.
The motions of defendants for a new trial and to reopen are denied.