VINCENT POLITELLI *d.b.a.* JIMMY'S PIZZARIA *vs.*
DOMENIC GIANFRANCESCO *et al.*

JUNE 3, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J.  This is a bill in equity wherein the complainant prays specific performance in an alleged agreement to

execute a lease for a term of years. The cause is before this court on the complainant's appeal from a decree of the superior court sustaining the respondents' demurrer to the bill.

The bill alleges, in substance, that on October 1, 1960 complainant entered into possession of a store owned by respondents and located on Brook street in the city of Providence, pursuant to an agreement to rent these premises for one year at a rental of $110 monthly and thereafter to lease the store for a term of three years at a monthly rent of $125 with an option of renewal thereof for another term of three years at the same rent. It is alleged further that respondents agreed to prepare and execute a written lease of the premises pursuant to said agreement; that complainant, upon entry, made extensive alterations to the premises to prepare them for use as a restaurant; and that respondents have commenced an action at law to recover possession of the premises.

The grounds of demurrer to the bill, taken as a whole, assert, first, that complainant had an adequate remedy at law and, second, that the agreement for which specific performance is sought is for a lease for a term of more than one year and is within the bar of the statute of frauds, G. L. 1956, §9-1-4, there being no sufficient memorandum thereof in writing as is required by the statute. After a hearing on the demurrer a justice of the superior court entered a decree holding: "1. That the Respondents' Demurrer to Complainant's Bill of Complaint is hereby sustained. 2. That the Complainant may have two weeks within which to file an Amended Bill of Complaint."

The decree does not disclose the ground or grounds upon which the superior court sustained the demurrer. Therefore it becomes necessary for this court to determine whether, on any of the grounds of demurrer stated by respondents, the bill was demurrable. *Davis* v. *Girard,* 70 R. I. 291. The bill seeks specific performance of an agreement to lease

premises for a term of more than one year but does not allege whether that agreement was or was not in writing.

Ordinarily the availability of matters that would constitute a defense to the prosecution of an action at law is a sufficient ground to deny jurisdiction in equity because the complainant has an adequate remedy at law. However, in our opinion the instant bill is not demurrable on that ground. It reflects a situation in which the subject matter of an agreement for which specific performance is sought in equity is real estate, and equity jurisdiction to enforce these agreements by specific performance does not necessarily depend upon a showing that the complainant's remedy at law is inadequate. *Adams* v. *Willis,* 225 S. C. 518. In *Lee Builders, Inc.* v. *Wells,* 33 Del. Ch. 439, 442, the court, with reference to 1 Pomeroy, Eq. Jur. (5th ed.), §221b, p. 378, said: "In this section Professor Pomeroy states that courts of equity have established the rule that in general the legal remedy of damages is inadequate in all agreements for the sale or letting of land and therefore in such cases jurisdiction is always exercised and specific performance granted, unless prevented by other and independent equitable considerations which directly affect the remedial right of the complaining party."

It is our opinion that when a purchaser or lessee seeks specific performance of an agreement for the purchase or letting of realty, the inadequacy of his remedy at law must be presumed and in such cases equity should, absent some compelling reason for action to the contrary, take jurisdiction and determine whether on the evidence specific performance should be decreed. We agree with the reasoning upon which the court in *Rice* v. *Griffith,* 349 Mo. 373, based its decision to so take jurisdiction. The court said at page 383: "Theoretically, equity supplies defects in the law and one having a good defense to an action at law ordinarily may not resort to equity for relief. An action at law, such as damages for the breach of the contract, is considered to

afford an adequate remedy where the subject matter of the contract is personal property which is bought and sold in the market and in the absence of special circumstances or some applicable statute specific performance is not decreed. A specific tract of land, however, is regarded as 'unique and impossible of duplication,' 'a favorite and favored subject' of property, having 'a peculiar value,' and, hence, a purchaser may have specific performance of a contract to convey land irrespective of special facts showing the inadequacy of a legal remedy. [2 Restatement, Contracts, Sec. 360, p. 643(2) * * *]."

Neither can we agree that the instant bill was demurrable on the ground that the agreement alleged therein was within the statute of frauds and unenforceable thereunder even though the bill does not allege that such agreement was in writing. We have already directed attention to the fact that the bill does not allege that the agreement was either in writing or oral. It is well settled that the superior court, in passing upon a demurrer to a bill in equity, must determine the demurrability thereof on the facts alleged therein and may not infer facts from the allegations thereof in favor of the demurrant. *Wolfe* v. *City of Providence*, 73 R. I. 417. That the agreement was not in writing is not to be inferred from the allegations that were set out.

The settled rule in this jurisdiction is that when a bill alleges an agreement that is susceptible of being within the bar of the statute of frauds but does not disclose by way of allegation whether it was in writing or not, the question as to the effect of the statute thereon cannot be raised by demurrer. *Cranston* v. *Smith*, 6 R. I. 231. This court affirmed the view taken in that case when in *Whiting* v. *Dyer*, 21 R. I. 85, 86, it said: "But assuming that it is necessary to the maintenance of the bill that the agreement in question should have been in writing, the bill does not show that it was not in writing, and therefore the objection that it was not in writing should have been taken by plea or

answer, and not by demurrer." See *Marshall* v. *Lowd,* 154 Me. 296. We conclude then that the bill was sufficient to withstand demurrer on the grounds set out therefor by the respondents.

The complainant's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for entry of a new decree overruling the demurrer and for further proceedings.

*Jacob J. Alprin,* for complainant.

*Thomas L. Marcaccio, Jr.,* for respondents.