**CHEESE SHOP INTERNATIONAL, INC.,**
**a Connecticut corporation, Plaintiff**
**Below, Appellant,**

**v.**

**Robert STEELE, Defendant Below,**
**Appellee.**

Supreme Court of Delaware.

Sept. 27, 1973.

Thomas Herlihy, III, and John C. S. Frank, of Herlihy & Herlihy, Wilmington, for plaintiff below, appellant.

Thomas G. Hughes and Michael R. Shapiro, of O'Donnell, Hughes & Lowicki, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., CAREY, J., and WRIGHT, Judge.

HERRMANN, Chief Justice:

This is an action for an accounting under, and for specific performance of, a trademark-licensing contract. The Chan-

cery Court dismissed the action for want of equity jurisdiction. See 303 A.2d 689. The question on appeal is whether equity jurisdiction was properly denied.

The plaintiff, a widely-known franchise operator, entered into a licensing contract with the defendant which provided that the defendant was to receive from the plaintiff: exclusive franchise rights within a designated area; use of the plaintiff's trademark; continuing promotional services to aid the defendant in procuring, packaging, and marketing its products; various signs and displays; access to confidential and valuable information relating to the manufacture, storage, and preparation of the product; and general overall supervision of operations. As consideration, the defendant promised to pay to the plaintiff 3% of gross sales and to use only cartons, bags, and boxes bearing the plaintiff's trademark.

The plaintiff complains that the defendant has, for a number of months, failed to comply with either the "gross sales" or "trademark display" provisions of the contract. Three grounds for equitable jurisdiction are asserted: (1) that the defendant owed the plaintiff a fiduciary obligation and that an accounting would be a proper remedy for breach of that duty; (2) in light of the ongoing nature of the contract and the defendant's continuing unwillingness to comply with the terms of the contract, there is equity jurisdiction to prevent the imminent threat of a multiplicity of actions; and (3) that specific performance of the trademark-display provisions of the contract is proper because of the uniqueness of the defendant's obligation thereunder.

We agree that the plaintiff's complaint invokes equity jurisdiction.

■ The nature of the contract creates an imminent threat of a multiplicity of actions. It is conceivable that, absent an equitable remedy, the plaintiff will be obliged to institute separate proceedings at law for each month the defendant fails to account for profits. Where, as here, the remedy at law is clearly inadequate because of the necessity of a multiplicity of actions, equitable relief will be granted. See Eastern States Petroleum Co., Inc. v. Universal Oil Products, Inc., 22 Del.Ch. 333, 2 A.2d 138 (1938); Scotton v. Wright, 13 Del.Ch. 214, 117 A. 131 (1922); Tull v. Turek, 38 Del.Ch. 182, 147 A.2d 658 (1958); 1 Pomeroy's Equity Jurisprudence (5th Ed.) §§ 245, 252, 271.

■ Moreover, the subject matter of the contract and the defendant's duties thereunder are unique. A well established trademark is a unique and valuable property interest. A court of equity will protect such trademark from infringement and misuse because of the often impossible task of measuring money damages arising therefrom. See 4 Pomeroy's Equity Jurisprudence (5th Ed.) § 1354; 81 C.J.S. Specific Performance.

A trademark's value is reflective of the goodwill of a business. One of the purposes of contractual trademark-display provisions is to promote general trademark recognition, thus increasing the goodwill of the entire franchise operation. Damages arising from violation of such provision will be the loss or lessening of goodwill. Goodwill valuation, however, is subjective and influenced by many factors external to the market place. Therefore, it becomes impossible to measure the dollar value of the franchisor's loss of goodwill in an ongoing successful business arising from the non-performance of trademark provisions by any one franchisee. Only equity can supply an adequate remedy in such case. 27 Am.Jur.2d "Equity" § 51; 49 Am.Jur. "Specific Performance" §§ 5, 161; see also Equitable Trust Co. v. Gallagher, 34 Del.Ch. 249, 102 A.2d 538 (1954); Chavin v. H. H. Rosin and Co., Del.Supr. 246 A.2d 921 (1968).

Accordingly, the order of dismissal for want of equity jurisdiction must be reversed and the cause remanded for further proceedings consistent herewith.