Aaron BOXER, Frances Boxer, Sam Norris, Marilyn Norris, Milton Norris, Joan Norris, and Fred W. Storm, Plaintiffs,

v.

HUSKY OIL COMPANY and Husky Petroleum Corporation, Defendants.

Court of Chancery of Delaware, New Castle County.

Submitted Feb. 19, 1981.

Decided April 24, 1981.

William T. Allen, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiffs.

E. Norman Veasey, of Richards, Layton & Finger, Wilmington, for defendants.

HARTNETT, Vice Chancellor.

Defendants moved to dismiss this action on the grounds that this Court does not have subject matter jurisdiction or alternatively because certain parties have not yet been made defendants and they are indispensable parties to this action. Both grounds for dismissal must be denied.

## I

Husky Exploration Limited was a Colorado limited partnership formed for the purpose of investment in oil and mineral resources. The plaintiffs in this action are the limited partners of Husky Exploration Limited who seek to assert claims against defendant Husky Petroleum Corporation, the general partner, and defendant Husky Oil Company, the owner of the general partner. The complaint alleges, in part, that defendant Husky Petroleum Corporation, the general partner, breached its fiduciary duty to the limited partners, as well as violated the terms of the Partnership Agreement, by causing the sale of the limited partners' interests at a price it knew or should have known to be totally inadequate.

The Partnership Agreement, under which Husky Exploration Limited was formed as a limited partnership, granted defendant Husky Petroleum Corporation, the general partner, an option to purchase the interests of all the limited partners. The Partnership Agreement also provided that the general partner could assign this option to another. On January 1, 1980, the date of the partnership's termination, the assets of the limited partnership included an interest in Husky Canadian Exploration Company and an interest in Husky Minerals Ltd. Defendant Husky Petroleum Corporation, the general partner, pursuant to the option, assigned to Husky Oil Operations, Ltd. the partnership's interest in Husky Canadian Exploration Company. The general partner valued this asset at approximately 10 million dollars. The partnership's interest in Husky Minerals Ltd.—which was valued by the general partner at $78,480.—was assigned by the general partner to defendant Husky Oil Company. Defendant Husky Oil Company owns the general partner and controls Husky Canadian Exploration Company. It therefore stood on both sides of the transactions. The plaintiffs assert that these valuations by the general partner were far below the actual value of the assets transferred.

## II

Defendants' motion to dismiss this complaint for lack of subject matter jurisdiction is based on the premises that the plaintiffs have an adequate remedy at law because, they suggest, the true essence of this suit is breach of contract and the plaintiffs are really seeking only monetary relief. Defendants contend that because a monetary recovery is what is really sought, the suit belongs in Superior Court, the law court, and not in Chancery. Although the plaintiffs have manifested an intent to maintain this suit as a class action, the defendants correctly point out that the failure of the Superior Court Rules to provide for class actions is no justification for the suit being maintained here if there is no other basis for Chancery jurisdiction. *Wil-*

*mington Trust Co. v. Schneider*, Del.Super., 320 A.2d 709 (1974).

## III

The complaint alleges a breach of a fiduciary duty on the part of the general partner as a basis for equity jurisdiction. The Uniform Limited Partnership Act, which has been adopted in both Delaware and Colorado, provides that a general partner has all the rights and powers and is subject to all the restrictions and liabilities of a partner in a partnership without limited partners. Section 9 of the Uniform Limited Partnership Act provides:

*Rights, powers and liabilities of a general partner*

A general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners, except that without the written consent or ratification of the specific act by all the limited partners, a general partner or all of the general partners have no authority to:

(1) Do any act in contravention of the certificate;

(2) Do any act which would make it impossible to carry on the ordinary business of the partnership;

(3) Confess a judgment against the partnership;

(4) Possess partnership property, or assign their rights in specific partnership property, for other than a partnership purpose;

(5) Admit a person as a general partner, unless the right so to do is given in the certificate;

(6) Admit a person as a limited partner, unless the right so to do is given in the certificate;

(7) Continue the business with partnership property on the death, retirement, bankruptcy, or mental illness of a general partner, unless the right so to do is given in the certificate.

6 *Del.C.* § 1709; C.R.S. 73, 7–61–109.

The Uniform Partnership Act, which has also been adopted in both Delaware and Colorado makes a partner accountable as a fiduciary. Section 21 of the Uniform Partnership Act provides in part:

*Partner accountable as a fiduciary*

(a) Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

6 *Del.C.* § 1521; C.R.S.73, 7–60–121.

When the provisions of the Uniform Partnership Act and the Uniform Limited Partnership Act are read together, it is clear that the general partner in a limited partnership owes a fiduciary duty to the limited partners. See *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 10th Cir., 282 F.2d 787 (1960); *Gundelach v. Gollehon*, Colo.App., 598 P.2d 521 (1979); *Bassan v. Investment Exchange Corp.*, 83 Wash.2d 922, 524 P.2d 233 (1974). It is also clear that a partner owes a fiduciary duty to the other partners at common law. *Newburger, Loeb & Co., Inc. v. Gross*, 2nd Cir., 563 F.2d 1057 (1977); *Meinhard v. Salmon*, N.Y.Ct.App., 249 N.Y. 458, 164 N.E. 545 (1928). See generally Crane and Bromberg, *Law of Partnership* § 68 (1968); Note, *Fiduciary Duties of Partners*, 48 Iowa L.Rev. 902 (1963).

The duty of the general partner in a limited partnership to exercise the utmost good faith, fairness, and loyalty is, therefore, required both by statute and common law. This fiduciary duty of partners is often compared to that of corporate directors:

"Furthermore, the fiduciary duty of fair dealing by a general partner to a limited partner is no less than that owed by a corporate director to a shareholder. The form of the enterprise does not diminish the duty of fair dealing by those in control of the investments." *Miller v. Schweickart*, S.D.N.Y., 405 F.Supp. 366 (1975)

## IV

An alleged breach of fiduciary duty has historically served as a basis for equitable jurisdiction. Pomeroy describes equitable jurisdiction as "practically exclusive in proceedings for an account and settlement of partnership affairs". 4 Pomeroy's *Equity Jurisprudence*, (5th Ed.) § 1421 at 1078. Where the relationship between the parties imposes an equitable obligation to account, equity has always taken jurisdiction over the controversy, even where there may be an adequate remedy at law. *Andersen, Meyer & Co. v. Fur & Wool Trading Co.*, 9th Cir., 14 F.2d 586 (1926). Numerous Delaware cases have established that a claim for an accounting from a fiduciary is properly made in the Court of Chancery. *Cheese Shop International, Inc. v. Steele*, Del.Ch., 303 A.2d 689, *rev'd. on other grounds*, Del.Super., 311 A.2d 870 (1973); *Hughes Tool Co. v. Fawcett Publications, Inc.*, Del.Ch., 297 A.2d 428 (1972), *rev'd. on other grounds*, Del.Super., 315 A.2d 577 (1974); *Pan American Trade & I. Corp. v. Commercial Metals Co.*, Del.Ch., 94 A.2d 700 (1953). In *Cheese Shop*, the Court explained that, "[E]quitable jurisdiction for an accounting will lie in suits against trustees, administrators, executors, guardians, partners, joint venturers and in some suits of principal against agent" . . . *Cheese Shop*, supra at 690.

## V

The defendants contend, however, that even if historically an action seeking an accounting was properly brought in the Court of Chancery the provisions of 10 *Del.C.* § 342 divests this Court of that jurisdiction. This statute states:

§ 342. *Adequate remedy in other courts.*
The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State.

Defendants predicate their argument that the statute eliminates equitable jurisdiction in suits dealing with fiduciaries if an accounting and damages is the only relief sought because, they assert, the historical basis for the equitable remedy of account was developed as a response to the inherent inadequacy of the ancient remedy of account-render in the common law courts. This inadequacy, they urge, has been substantially alleviated by the advent of the modern discovery process in the Superior Court. Thus, it is argued, since the Superior Court now has the means to provide a complete remedy, this Court's historical jurisdiction over accounting actions has been terminated.

 The Courts of this State have consistently rejected that argument. The statute, 10 *Del.C.* § 342, being a mere declaration of the ancient rule of equity, neither grants nor divests equity of any jurisdiction. *Glanding v. Industrial Trust Co.*, Del. Super, 45 A.2d 553 (1945); *Tull v. Turek*, Del.Super., 147 A.2d 658 (1958); *First Nat. Bank of Frankford v. Andrews*, Del.Ch., 28 A.2d 676 (1942). Where jurisdiction in equity has become established, a statute creating a remedy at law or removing the obstacles at law on the existence of which equity jurisdiction was originally founded does not oust equity of that jurisdiction, unless the statute affirmatively discloses the legislative intent to make the legal remedy exclusive. *Cohen v. Markel*, Del.Ch., 111 A.2d 702 (1955); *DuPont v. DuPont*, Del.Super., 85 A.2d 724 (1951); *Delaware Trust Co. v. Blackstone*, Del.Ch., 81 A.2d 126 (1951); *Beals v. Washington Intern., Inc.*, Del.Ch., 386 A.2d 1156 (1978). The Court of Chancery has historically entertained suits seeking an accounting by fiduciaries and the General Assembly has not enacted any statute transferring that jurisdiction to another court, therefore this Court has jurisdiction over this matter.

## VI

 Alternatively, the defendants contend that this suit should be dismissed for failure to join an indispensable party. They maintain that a complete adjudication of the legal issues surrounding the options cannot be made without joining the assignee of the options—which has not been done.

This might be true if the plaintiffs had requested rescission of the assignment of the options instead of damages because it has been held that the holder of a contractual benefit is an indispensable party in an action relating to the contract unless he has no interest in the outcome of the suit. *Elster v. American Airlines,* Del.Ch., 106 A.2d 202 (1954); but see: *Lynch v. Vickers Energy Corporation,* Del.Super., 429 A.2d 497 (1981). The plaintiffs, however, have prayed for an accounting and damages.

That relief can be fully provided by the parties presently before this Court.

Defendants' motion to dismiss is therefore denied. So ordered.